Max J. Sprecher, Esq. (SBN: 169285)
LAW OFFICES OF MAX J. SPRECHER
5850 Canoga Avenue, 4th Floor
Woodland Hills, CA 91367
T: 818.996.2255
F: 818.996.4204
E-Mail: max@sprecherlaw.com

Kenneth P. Norwick
NORWICK & SCHAD
110 East 59th Street
New York, New York 10022
P: (212) 751-4440
E-Mail: ken@norwickschad.com
Pro Hac Vice To Be Filed

Attorneys for Plaintiff JOHN DLUGOLECKI, an individual.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN DLUGOLECKI,<br>an individual,<br><br>       Plaintiff,<br><br>   vs.<br><br>SETH POPPEL, DANINE POPPEL,<br>JARED POPPEL, SETH POPPEL<br>YEARBOOK LIBRARY; AMERICAN<br>BROADCASTING COMPANIES, INC.;<br>DAILY MAIL AND GENERAL TRUST;<br>and MEREDITH CORPORATION,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND OTHER CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

*COMES NOW* Plaintiff John Dlugolecki ("Dlugolecki" or "Plaintiff") who hereby complains and alleges as follows:

## INTRODUCTION

1.      This case addresses a private business that is built on the unauthorized for-profit exploitation and infringement of countless photographs that are the copyright property of others and the knowingly false representations made by that business to its (possibly unaware) customers, who in turn further unlawfully exploit and infringe those copyrights.  This case also addresses the unauthorized exploitation and infringements of those photographs by those customers and the unauthorized exploitation and infringements by others possibly unrelated to the business mentioned above.  The specific photographs at issue are of Rachel Meghan Markle ("Markle") that were created by Plaintiff when Markle attended Immaculate Heart Middle and High School in this district.

## THE PARTIES

2.      On information and belief, defendants Seth Poppel, Danine Poppel, and Jared Poppel are individuals based in Seattle, Washington, who own defendant Seth Poppel Yearbook Library, a private business entity also based in Seattle.  They are in the business of collecting school yearbooks and then exploiting for profit photo-graphs contained in them without seeking or obtaining authorization to do so from the copyright owners of those photographs.  More specifically, they purport to grant -- for payment -- "licenses" to others to publish and otherwise exploit such photo-graphs.  (Defendants Seth Poppel, Danine Poppel, Jared Poppel and Seth Poppel Yearbook Library are referred to herein collectively as "Poppel.")

3.      Defendant American Broadcasting Companies ("ABC") is a subsidiary of The Walt Disney Company and, as here relevant, owns and operates a broadcast television network and owns and/or has affiliate arrangements with numerous local television stations.

4.      Defendant Daily Mail and General Trust ("Daily Mail") owns and operates the newspaper The Daily Mail, the website Mail Online, and the photo-

1  licensing agency Solo Syndication, all of which are disseminated and do business in
2  this district.

3      5.     Defendant Meredith Corporation ("Meredith") is the owner and pub-
4  lisher of the print publication <u>People</u> Magazine and the website People.com, both of
5  which are disseminated and do business in this district.

6      6.     Plaintiff John Dlugolecki ("Dlugolecki"), a resident of this district, is a
7  professional photographer who owns the copyrights in the photographs that are the
8  subject of this action.

9                        **<u>JURISDICTION AND VENUE</u>**

10     7.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §1338
11 because this is in part an action under the United States Copyright Act.  Venue in this
12 district is proper pursuant to 28 U.S.C. §§1391(b) and 1400.

13                          **<u>UNDERLYING FACTS</u>**

14     8.     As part of its ongoing business of collecting and then exploiting for
15 profit photographs that it finds in school yearbooks, all of which are presumptively
16 protected by copyright under the United States Copyright Act, Poppel obtained and
17 then exploited for profit photographs of Markle that are the copyright property of
18 Dlugolecki (the "Markle Photos").  Copies of Markle Photos at issue in this case are
19 set forth on Exhibit "A" hereto.)  Dlugolecki has duly applied for registration of his
20 copyrights in those Photos with the United States Copyright Office.

21     9.     Poppel exploited Markle Photos without seeking or obtaining any copy-
22 right authorization to do so.  In fact, it is an essential component of its business that it
23 effectively grants to itself the copyright right to exploit for profit  -- and to represent
24 to others that it has the legal right to do so -- such photos, even though it owns no
25 such rights.

26     10.    Further, in the course of soliciting customers, Poppel disseminates
27 copies of such photos with indicia on them -- sometimes referred to as "copyright
28 management information" -- that falsely communicates that it has the legal right to

grant to such customers legally-effective "licenses" to use the photos.  Those repre-sentations and communications are knowingly false and fraudulent.  (Examples of such representations are set forth on Exhibit "B" hereto.)   On information and belief, Poppel's customers for Markle Photos relied on Poppel's false representations and communications in acquiring ostensible "licenses" for such Photos.

11.   In thus offering Markle Photos for licensing, and in falsely claiming that it had the legal right to do so, Poppel directly infringed Dlugolecki's copyrights, un-fairly competed with Dlugolecki, the rightful owner of them, and caused him finan-cial injury as a result while also profiting therefrom.

12.   ABC is a customer of Poppel that broadcast and otherwise exploited Markle Photos without the legal right to do so.  Among other uses, ABC broadcast Markle Photos on its network programs "20/20" and "Nightline," on promotional advertisements for those programs, and by and through its local affiliates.  (A screen-shot of one such use is set forth on Exhibit "C" hereto.)

13.   On information and belief, Daily Mail obtained Markle Photos from a source or sources other than Poppel and without any legal authority to do so pub-lished and otherwise exploited them in its newspaper and on its website and other-wise, including by purporting to "license" others to use the Photos.  (A screenshot of one example of Daily Mail's uses of Markle Photos is set forth on Exhibit "D" hereto.)

14.   On information and belief, Meredith obtained Markle Photos from Poppel, Daily Mail, and other sources and without any legal authority to do so pub-lished and otherwise exploited them in People Magazine, on People.com, and other-wise.  (A copy of a page from People Magazine containing two Markle Photos in a montage of other photos of Markle is set forth on Exhibit "E" hereto.)

15.   The above described conduct by each defendant has profited each defendant and caused direct injury to Dlugolecki including the loss of licenses he might have granted and the dilution of the value of his copyrighted Photos.

## COUNT I

### WILLFUL COPYRIGHT INFRINGEMENT AGAINST POPPEL

16.     Dlugolecki incorporates here the contents of Paragraphs 1 through 15 above.

17.     The unauthorized copying, dissemination, display, and other exploitation of Markle Photos by Poppel constitutes willful infringements of Dlugolecki's copyrights in each of the infringed Photos, which infringements have profited Poppel and damaged Dlugolecki.

## COUNT II

### WILLFUL CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST POPPEL

18.     Dlugolecki incorporates here the contents of Paragraphs 1 through 17 above.

19.     By providing to and purporting to "license" others, including ABC and Meredith, to use Markle Photos, Poppel is liable for willful contributory copyright infringement, which actions have profited Poppel and damaged Dlugolecki.

## COUNT III

### COPYRIGHT INFRINGEMENT AGAINST ABC

20.     Dlugolecki incorporates here the contents of Paragraphs 1 through 19 above.

21.     The unauthorized copying, dissemination, display, and other exploitation of Markle Photos by ABC constitutes infringements of Dlugolecki's copyrights in each of the infringed Photos, which infringements have profited ABC and damaged Dlugolecki.

**COUNT IV**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST ABC**

22. Dlugolecki incorporates here the contents of Paragraphs 1 through 21 above.

23. By providing to and purporting to authorize others, including its non-owned affiliates, to use Markle Photos, ABC is liable for contributory copyright infringement, which actions have profited ABC and damaged Dlugolecki.

**COUNT V**

**COPYRIGHT INFRINGEMENT AGAINST DAILY MAIL**

24. Dlugolecki incorporates here the contents of Paragraphs 1 through 23 above.

25. The unauthorized copying, dissemination, display, and other exploit-ation of Markle Photos by Daily Mail constitutes infringements of Dlugolecki's copyrights in each of the infringed Photos, which infringements have profited Daily Mail and damaged Dlugolecki.

**COUNT VI**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST DAILY MAIL**

26. Dlugolecki incorporates here the contents of Paragraphs 1 through 25 above.

27. By providing to and purporting to "license" others, including Meredith, to use Markle Photos, Daily Mail is liable for contributory copyright infringement, which actions have profited Poppel and damaged Dlugolecki.

**COUNT VII**

**COPYRIGHT INFRINGEMENT AGAINST MEREDITH**

28. Dlugolecki incorporates here the contents of Paragraphs 1 through 27 above.

29. The unauthorized copying, dissemination, display, and other exploit-ation of Markle Photos by Meredith constitutes infringements of Dlugolecki's

6

COMPLAINT

copyrights in each of the infringed Photos, which infringements have profited Meredith and damaged Dlugolecki.

**COUNT VIII**

**WILLFUL INFRINGEMENT OF SECTION 1202 OF THE COPYRIGHT ACT AGAINST POPPEL**

30.    Dlugolecki incorporates here the contents of Paragraphs 1 through 29 above.

31.    Section 1202(a) of the U.S. Copyright Act provides: "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement— (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false."

32.    Knowing that it had no legal right to exploit Markle Photos, by providing and distributing copyright management information (as exemplified on Exhibit "B" hereto) Poppel violated and infringed §1202(a) of the Copyright Act, which violations have profited Poppel and damaged Dlugolecki.

**COUNT IX**

**WILLFUL VIOLATION OF CALIFORNIA'S 'UNFAIR COMPETITION' LAW AGAINST POPPEL**

33.    Dlugolecki incorporates here the contents of Paragraphs 1 through 32 above.

34.    Poppel's knowingly false representations and communications that it had the legal right to grant legally-effective "licenses" to its prospective customers with respect to Markle Photos violated California's Unfair Competition Law (§17200 of the California Business and Professional Code), which violations have profited Poppel and damaged Dlugolecki.

## COUNT X

## WILLFUL VIOLATION

## OF CALIFORNIA'S 'FALSE ADVERTISING' LAW AGAINST POPPEL

35.    Dlugolecki incorporates here the contents of Paragraphs 1 through 34 above.

36.    Poppel's knowingly false representations and communications that it had the legal right to grant legally-effective "licenses" to its prospective customers with respect to Markle Photos violated California's False Advertising Law (§17500 of the California Business and Professional Code), which violations have profited Poppel and damaged Dlugolecki.

## COUNT XI

## WILLFUL VIOLATION

## OF CALIFORNIA'S ''LEGAL REMEDIES' LAW AGAINST POPPEL

37.    Dlugolecki incorporates here the contents of Paragraphs 1 through 36 above.

38.    Poppel's knowingly false representations and communications that it had the legal right to grant legally-effective "licenses" to its prospective customers with respect to Markle Photos violated California's "Legal Remedies" Law (§§ 1750 and 1770 of the California Civil Code), which violations have profited Poppel and damaged Dlugolecki.

## PRAYER FOR RELIEF

**WHEREFORE,** Dlugolecki prays for judgment against Defendants, and each of them, as follows:

A.    Dlugolecki demands judgment against each defendant with respect to each of their infringements under §501 of the Copyright Act 1) awarding that defendant's profits attributable to the infringements, damages, and/or statutory damages pursuant to 17 U.S.C. §504; 2) awarding costs and attorneys' fees, pursuant to 17

U.S.C. §505; 3) awarding punitive damages; and 4) awarding such other relief as the Court deems just; and

B.    Dlugolecki demands judgment separately against Poppel, ABC and Daily Mail with respect to their contributory copyright infringements 1) awarding that defendant's profits attributable to the infringements, damages, and/or statutory damages pursuant to 17 U.S.C. §504; 2) awarding costs and attorneys' fees, pursuant to 17 U.S.C. §505; 3) awarding punitive damages; and 4) awarding such other relief as the Court deems just; and

C.    Dlugolecki demands judgment against Poppel with respect to its violations of §1202(a) of the Copyright Act 1) awarding profits attributable to those violations, damages, and/or statutory damages pursuant to 17 U.S.C. §1203; 2) awarding costs and attorneys' fees, pursuant to 17 U.S.C. §1203; 3) awarding punitive damages; and 4) awarding such other relief as the Court deems just; and

D.    Dlugolecki demands judgment against Poppel with respect to its violations of the California laws identified above 1) awarding profits attributable to those violations and all available damages; 2) awarding costs and attorneys' fees; 3) awarding punitive damages; and 4) awarding such other relief as the Court deems just; and

E.    Dlugolecki demands judgment against each defendant for pre- and post-judgment interest; and

F.    Dlugolecki demands judgment for such other and further equitable and legal relief as this Court may deem just.

DATED: May 10, 2018                    LAW OFFICES OF MAX J. SPRECHER

Max J. Sprecher

NORWICK & SCHAD
*Pro Hac Vice To Be Filed*

Attorneys for Plaintiff JOHN DLUGOLECKI

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury on all issues properly so triable.

DATED:  May 10, 2018                          LAW OFFICES OF MAX J. SPRECHER

_____
Max J. Sprecher

NORWICK & SCHAD
*Pro Hac Vice To Be Filed*

Attorneys for Plaintiff JOHN DLUGOLECKI

EXHIBIT "A"



Rachel Markle

Rachel Markle

Rachel Markle

Meghan Markle

Second Semester:
Susan Ardakani, Meghan Markle, Chickie Wan, Jeselle Loper, Shermaine Barlaan, Erin Carr

First Semester:
Christina Wong, Alita Arranaga, Ronna Ragland, Meghan Markle, Susan Ardakani, Naomi Raymundo, Georgina Miranda

GENESIANS

Genesians

MIDNIGHT

20/20 Club

Prom Court: Susan Ardakani, Alita Arrañaga, Tricia Cuano, Meghan Markle, Ninaki Priddy, Camille Townsend, Katrina Wan

# EXHIBIT "B"



Seth, Jared, & Danine Poppel
Yearbook Library
309 Lake Washington Blvd.
Seattle, WA 98122
1-877-SEATTLE (732-8853)
sethpoppel@aol.com

# EXHIBIT "C"



# EXHIBIT "D"

## Meghan Markle high school prom pho...

Daily Mail

In two photos from her year books Meghan is listed as Rachel Markle which is her

Visit   Share

Related images:














View more

Rachel Markle



© hugodanielinia@gmail.com · Images may be subject to copyright

306 × 488

# EXHIBIT "E"

**Meghan's Life Before Harry**
1. Markle in 1982 at 6 months old. 2. Markle (second from left) with her Immaculate Heart classmates in Los Angeles. 3. At 17 as homecoming queen in 1998. 4. An undated school photo. 5. With her ex-husband, Trevor Engelson, in 2006. 6. As Rachel Zane on *Suits*. Her costar Patrick J. Adams tweeted, "Your Royal Highness, you are a lucky man and I know your long life together will be joyful, productive and hilarious." 7. With her mom, Doria Ragland, going to yoga in Toronto last December.

leaving th
stood be
Nov. 27 a
yellow-go
ing Harry
Meghan,
hours afte
ment that
roast chic
two-bedr
don's Ken
natural an
one knee."
barely let
yes now?"
ingly roma
to wed this
incredibly
that all th
beautiful w
life. I fell i
Queen Eli
noted, wer
being barke
nothing," h
wagging!" /
rience was
school, Har
learning cu
ably good a
ously a hug
deal with e

**The remark**
openly disc
Princess D
been thick
(on a blind
tale roman
dreamed u
British roy
mously sca
(see box),
long before
les-raised
sound engin
*Children*, a
a yoga ins
Meghan wa
says a form
who perfor
had the tal
could tell sh
was willing

PREVIOUS SPREAD, FROM LEFT: PA IMAGES; MFA; CHRIS JACKSON/GETTY IMAGES; DOUG PETERS/EMPICS ENTERTAINMENT/PA IMAGES/DPA IMAGES/DPA. CLOCKWISE FROM TOP LEFT: SPLASH NEWS; MEGA; BILLY FARRELL/PATRICK MCMULLAN/GETTY IMAGES; SPLASH NEWS; BEN HARR/HOLZBERG. THIS SPREAD, FROM TOP RIGHT: TIM GRAHAM/GETTY IMAGES. COURTESY SUZANNE NEVILLE. COURTESY BY SASH HOLFORD. COURTESY CAROLINE CASTIGLIANO
BEN HARR/HOLZBERG. PHOTO BANK/GETTY IMAGES.